UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OCIOS LLC, a California Limited<br>Liability Company; and DOES 1–10,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19-CV-115 JLS (LL)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 9) |

Presently before the Court is Plaintiff Chris Langer's Motion for Default Judgment ("Mot.," ECF No. 9) against Defendant Ocios LLC. The Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 8. After reviewing Plaintiff's Motion, Complaint, and supporting evidence and weighing the relevant factors, the Court **GRANTS** Plaintiff's Motion.

**BACKGROUND**

Plaintiff Chris Langer is a paraplegic who cannot walk. ECF No. 1 ("Compl.") ¶ 1. He uses a wheelchair for mobility, uses a specially equipped van, and has a disabled person parking placard. *Id.* Plaintiff's van deploys a ramp out of the passenger side. ECF No. 9-4 ("Langer Decl.") ¶ 2. Plaintiff needs a full "van[-]accessible" aisle to use the ramp to safely wheel in and out of the van. *Id.* Plaintiff has had "terrible experiences" using non-

accessible parking spaces in the past, so he avoids using spaces that are not van accessible. *Id.* ¶ 4.

At all relevant times, Defendant has owned the real property located at 832 E. 18th Street, National City, California, where the public business establishment Denis's Bakery is located. Compl. ¶¶ 2–3, 8–9. On October 9, 2018, Plaintiff went to Denis's Bakery to "avail himself of its goods and services, motivated in part to determine if the defendants comply with the disability access laws." *Id.* ¶ 8; Langer Decl. ¶ 5. At Denis's Bakery, there were no van-accessible parking spaces. Compl. ¶ 11. There was one parking space marked and reserved for persons with disabilities, but the space was not van-accessible, and the stall and access aisle were not level with each other. *Id.* ¶¶ 11–14. There also was no "NO PARKING" warning sign in the access aisle. *Id.* ¶ 15. Plaintiff could see that the front entrance of the bakery had a ramp leading up to the door with no landing in front, which meant that, to gain entrance, he would have to be positioned on the ramp while pulling the door open. *Id.* ¶ 22; Langer Decl. ¶ 7. Plaintiff left the property without patronizing Denis's Bakery because of the lack of van-accessible parking and the ramp at the front entrance. Langer Decl. ¶ 8. Plaintiff lives near Denis's Bakery and would like to return and patronize it but is deterred by the lack of accessible parking and front entrance. *Id.* ¶¶ 10–11.

Consequently, Plaintiff filed this action on January 16, 2019. *See generally* ECF No. 1. Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). *See id.* at 5–8. On March 12, 2019, Plaintiff requested that the Clerk of Court enter default, ECF No. 4, which the Clerk entered that day. ECF No. 5.

In response to an Order to Show Cause issued on August 21, 2019, *see* ECF No. 6, Plaintiff filed the instant Motion on September 3, 2019. *See generally* ECF No. 9. Plaintiff seeks injunctive relief compelling Defendant to comply with the ADA and the Unruh Act, $4,000 in damages under the Unruh Act, and attorneys' fees and costs. Compl. at Prayer.

/ / /

2

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits a court to enter default judgment upon a party's application. Although default judgments are ordinarily disfavored, a court may grant or deny a motion for default judgment at its discretion. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

The Ninth Circuit has set out seven factors, known as the *Eitel* factors, that a court may consider when exercising its discretion as to whether or not to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

When weighing these factors, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 8(b)(6). To prove damages, a plaintiff may submit declarations, or the Court may hold an evidentiary hearing. *See Affinity Grp., Inc. v. Balser Wealth Mgmt., LLC*, No. 05CV1555 WQH (LSP), 2007 WL 1111239, at *1 (S.D. Cal. Apr. 10, 2007); *see also Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) ("In assessing damages, the court must review facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled upon judgment by default.").

/ / /

/ / /

/ / /

/ / /

# ANALYSIS

## I.   Jurisdiction

### A.   Subject-Matter Jurisdiction

To enter default judgment against Defendant, the Court must first determine it has subject-matter jurisdiction.  *See Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2019 WL 3387977, at \*3 (N.D. Cal. July 26, 2019).  Here, the Court has subject-matter jurisdiction for the ADA claims under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).  The Court exercises supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367(a).

### B.   Personal Jurisdiction

The Court must also have personal jurisdiction over the defendant, or else entry of default judgment is void.  *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973).  For the reasons below, the Court finds that it may exercise personal jurisdiction over Defendant.

#### 1.   Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  In the present case, Defendant was served by substituted service to an employee on January 29, 2019.  *See* ECF No. 3.  The employee was at least 18 years of age and appeared to be in charge of Defendant's place of business.  *See id.*  Copies of the relevant documents were mailed to Defendant's agent, Francisco Javier Perez, on February 8, 2019.  *See id.*  The Court concludes that service was proper pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) and California Code of Civil Procedure § 415.20.

#### 2.   Personal Jurisdiction

"A Court's power to exercise jurisdiction over a party is limited by both statutory and constitutional considerations."  *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1135 (S.D. Cal. 2018).  "California's long-arm statute allows the exercise

1    of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler*

2    *AG v. Bauman*, 571 U.S. 117, 125 (2014).  Here, Defendant is a California Limited Liability

3    Company that owns the subject property located in National City, California.  The Court

4    therefore concludes that it has personal jurisdiction over Defendant.  *See, e.g.*, *Johnson v.*

5    *Oakwood Center LLC*, No. 19-cv-01582-VKD, 2019 WL 7209040, at *3 (N.D. Cal. Dec.

6    27, 2019) (finding personal jurisdiction over Title III ADA claim where defendant was a

7    California Limited Liability Company that owned the subject property, which was also

8    located in California).

9    **II.    Entry of Default Judgment**

10    Having determined the Court has jurisdiction, the Court now turns to the merits of

11    Plaintiff's Motion, addressing each of the *Eitel* factors in turn.

12    ### A.    *Factor I: Prejudice to Plaintiff*

13    The first factor weighs in favor of entering default judgment.  Plaintiff asserts that

14    he suffers discrimination as a result of Defendant's noncompliance with the ADA and the

15    Unruh Act.  *See* Compl. ¶¶ 29–45.  Defendant has failed to appear or otherwise participate

16    in this action.  Absent default judgment, Plaintiff likely will be without recourse.  *See Vogel*

17    *v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (granting default judgment

18    because defendant's "unwillingness to cooperate and defend" left ADA plaintiff without

19    other opportunities for recourse). The resultant prejudice to Plaintiff favors default

20    judgment.  *See Moroccanoil, Inc. v. Allstate Beauty Prods., Inc.*, 847 F. Supp. 2d 1197,

21    1200–01 (C.D. Cal. 2012) ("[A plaintiff] will generally be prejudiced if a court declines to

22    grant default judgment where, as here, it lacks other recourse to recover damages for its

23    injury or means to prevent [the defendant] from causing it further harm.").

24    ### B.    *Factors II and III: Merits of the Claims and Sufficiency of the Complaint*

25    To warrant entering a default judgment, the complaint's allegations must be

26    sufficient to state a claim upon which relief can be granted.  *Danning v. Lavine*, 572 F.2d

27    1386, 1388 (9th Cir. 1978).  A complaint satisfies this standard when the claims "cross the

28    line from the conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  A default concedes the truth of the allegations in the complaint, except those relating to damages.  *TeleVideo*, 826 F.2d at 917–18 (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1997)); *Taylor Made*, 175 F.R.D. at 661 (noting that "[i]n assessing liability, the complaint's allegations are taken as true" because "a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact").  Here, Plaintiff sufficiently pleads causes of action for violations of the ADA and the Unruh Act.

> 1.   *ADA Claim*

Title III of the ADA prohibits discrimination by places of public accommodation.  *Vogel*, 992 F. Supp. 2d at 1007.  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Where, as here, the plaintiff seeks to establish discrimination based on an architectural barrier, "the plaintiff must also prove that: "(1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).  Walking is considered a "major life activit[y]."  42 U.S.C. § 12102(2)(A).  Plaintiff is a paraplegic who cannot walk, Compl. ¶ 1, and is therefore disabled within the meaning of the ADA.  *See, e.g.*, *Vogel*, 992 F. Supp. 2d at 1009 (finding plaintiff "disabled within the meaning of the ADA" where plaintiff alleged that he was a paraplegic and that he was unable to walk).

Further, Plaintiff has established that Defendant's facility is a place of public accommodation.  Plaintiff asserts that Defendant owns the real property where Denis's Bakery is located.  Compl. ¶¶ 2–3.  Plaintiff also asserts that Denis's Bakery is a "facility

open to the public, a place of public accommodation, and a business establishment." *Id.* ¶ 9.  A bakery is a place of public accommodation as defined within the ADA.  42 U.S.C. § 12181(7)(E).  This element is therefore satisfied.

Plaintiff alleges that he was denied access to Denis's Bakery due to ADA-prohibited architectural barriers, including a lack of a van-accessible parking space, an unlevel parking stall and access aisle, the absence of a "NO PARKING" warning in the access aisle, and a 10.5% slope leading to the entrance of the building. *See id.* ¶¶ 11–24.  Plaintiff further alleges that removal of these barriers is readily achievable "without much difficulty or expense" and that alternative accommodations are available. *Id.* ¶¶ 25–26.  Taking the allegations in the Complaint as true, as the Court must in reviewing Plaintiff's Motion, *see TeleVideo*, 826 F.2d at 917–18, Plaintiff has established a prima facie claim under Title III of the ADA. *See, e.g.*, *Johnson v. Hall*, No. 2:11-cv-2817-GEB-JFM, 2012 WL 1604715, at *3 (E.D. Cal. May 7, 2012) (finding sufficient a Title III discrimination claim where the disabled plaintiff alleged that he had been denied access to the defendant's place of public accommodation because of readily removable architectural barriers, including a lack of van-accessible parking, a lack of accessibility signage, and a lack of an accessible entrance).

### 2. *Unruh Claim*

The Unruh Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).  A violation of the ADA is also necessarily a violation of the Unruh Act.   Cal. Civ. Code § 51(f); *Vogel*, 992 F. Supp. 2d at 1011.  Plaintiff has sufficiently alleged an ADA claim, *see supra* Section II.B.1, so he also has alleged an Unruh claim.

In light of the foregoing, *Eitel* factors two and three weigh in favor of entry of default judgment.

/ / /

### C.      Factor IV: Sum of Money at Stake

Under this factor, the Court considers whether the damages sought are proportional to the alleged harm.  *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010).  Here, Plaintiff seeks to recover a total of $8,012.50 in statutory damages, attorneys' fees, and costs.  ECF No. 9-1 at 8.  "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant."  *See Vogel*, 992 F. Supp. 2d at 1012 (finding $13,739.20 in statutory damages, attorneys' fees, and costs "neither too large nor too unreasonable" given defendant's failure to appear and failure to comply with the ADA and Unruh Act); *see also, e.g.*, *Moore v. Cisneros*, No. 1:12-cv-00188-LJO-SKO, 2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012) (finding default judgment of $10,119.70 "[not] unreasonable in light of the allegations in the complaint"); *Johnson v. Huynh*, No. CIV S-08-1189 JAM DAD, 2009 WL 2777021, at *2 (E.D. Cal. Aug. 27, 2009) (finding default judgment of $12,000 "a relatively small award of damages").  This factor therefore weighs in favor of granting default judgment.

### D.      Factor V: Possibility of Factual Dispute

This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise.  *Eitel*, 782 F.2d at 1471–72.  Here, Plaintiff's allegations must be taken as true because of the default, *see TeleVideo*, 826 F.2d at 917–18, and therefore any purported factual dispute appears settled, as there is no indication that Defendant will defend against the action.  Accordingly, this factor favors default.

### E.      Factor VI: Reason for Default

If a defendant's default may have been the product of excusable neglect, this factor weighs against granting default judgment.  *Eitel*, 782 F.2d at 1471–72.  Here, there is no evidence of excusable neglect.  Thus, this factor weighs in favor of default.

### F.      Factor VII: Policy Favoring Merits Decisions

Although this factor, by its nature, generally weighs against default judgment because it encourages merits decisions, "[t]he fact that Rule 55(b) has been enacted . . . indicates that 'this preference, standing alone, is not dispositive.'"  *Landstar Ranger*, 725

F. Supp. 2d at 922 (citing *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. 94-2684, 1996 WL 75314, at *3 (N.D. Cal. 1996))).  In the present case, there is no indication that a merits decision is practicable as Defendant has yet to answer Plaintiff's Complaint.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible.").  The Court therefore concludes that the timely administration of justice outweighs the strong preference for merits decisions in this case.  This factor therefore weighs in favor of default judgment.

Based on the above, the Court finds that all the *Eitel* factors weigh in favor of default judgment in this case.  Accordingly, the Court **GRANTS** Plaintiff's Motion.

## III.   Relief Sought

"Under Rule 8(a)(3), plaintiff's demand for relief must be specific, and it must prove up the amount of damages."  *Landstar Ranger,* 725 F. Supp. 2d at 923 (internal citations omitted).  Additionally, "Rule 54(c) 'allows only the amount prayed for in the complaint to be awarded to the plaintiff in default.'"  *Id.* (quoting *Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962)).  Here, Plaintiff prayed for injunctive relief, statutory damages, and attorneys' fees and costs, Compl. at Prayer, which is the same relief that Plaintiff seeks through his Motion.  *See* Mot. at 2.

### A.   *Injunctive Relief*

Plaintiff seeks injunctive relief compelling Defendant to comply with the ADA and the Unruh Act.  Compl. at Prayer ¶ 1.  "Injunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable."  *Vogel*, 992 F. Supp. 2d at 1015.

As discussed above, Plaintiff has sufficiently alleged discrimination due to architectural barriers at Defendant's facility in violation of the ADA and the Unruh Act. In support of his claims, Plaintiff provides a declaration attesting to his disability and his experience at Denis's Bakery on October 9, 2018.  *See generally* Langer Decl.  Plaintiff also provides a declaration of his attorney supporting the conclusion that Defendant owns

19-CV-115 JLS (LL)

the subject property.  *See* ECF No. 9-3 ("Price Decl.") ¶¶ 3–4.  Finally, Plaintiff provides a declaration from an investigator confirming that, as of January 15, 2019, Denis's Bakery only had one parking space reserved for people with disabilities and that the parking stall was 97-inches wide and the access aisle was 42-inches wide, *see* ECF No. 9-5 ("Sapien Decl.") ¶¶ 2–5, rendering the space not van-accessible.  *See* Compl. ¶ 12.  The investigor's declaration further confirms that the parking stall and access aisle of the reserved space were not level, Sapien Decl. ¶ 5, and that the ramp extending to the front entrance of the bakery had cross slopes as high as 8.5 to 10.5 percent.  *Id.* ¶ 5–6.  Plaintiff attaches pictures of the property taken by the investigator as Exhibit 4 to his Motion.  *See* ECF No. 9-6.

The Court finds that Plaintiff's evidence supports the factual allegations of his claims.  Accordingly, injunctive relief is proper, and the Court shall issue an injunction against Defendant.

### B.   *Statutory Damages*

Plaintiff seeks $4,000 in damages under the Unruh Act.  *See* Mot. at 4.  Under the Unruh Act, a plaintiff who has been denied equal access is entitled to "no less than four thousand dollars" for each offense.  Cal. Civ. Code § 52(a).  To recover damages, "[Plaintiff] must only show that [he] was denied full access and not that [he was] wholly excluded from enjoying [Defendant's] services."  *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1170 (S.D. Cal. 2006).  A violation of the ADA is necessarily a violation of the Unruh Act.  Cal. Civ. Code § 51(f).  When "[a] plaintiff's complaint properly sets out the necessary elements for his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim."  *Johnson v. Singh*, No. 2:10-cv-2547 KJM JFM, 2011 WL 2709365, at *4 (E.D. Cal. July 11, 2011).

Here, because Plaintiff sufficiently has established a claim under the Title III of the ADA, he is entitled to statutory damages under the Unruh Act.  *See, e.g.*, *Moore*, 2012 WL 6523017, at *5.  The Court therefore awards to Plaintiff the $4,000 he has requested under the Unruh Act.

/ / /

*C.*      *Attorneys' Fees and Costs*

Lastly, Plaintiff requests $4,012.50 in attorneys' fees and costs. Mot. at 2. Pursuant to both Title III of the ADA and the Unruh Act, a prevailing plaintiff is entitled to attorneys' fees. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Here, Plaintiff requests a total of $3,377.50 in attorneys' fees, Price Decl. at 8–9, and $635 in costs. *Id.* at 9. The costs include $200 for an investigator, $400 in filing fees, and $35 in service costs. *Id.* at 8. The Court finds these costs reasonable and will award them.

The attorneys' fees consist of $722.50 for Mark Potter (1.7 hours at $425 per hour), $1,105 for Russell Handy (2.6 hours at $425 per hour), $255 for Phyl Grace (0.6 hours at $425 per hour), $280 for Christina Carson (0.8 hours at $350 per hour), and $1,015 for Dennis Price (2.9 hours at $350 per hour). *See id.* ¶¶ 8–12; *see also id.* at 9. After reviewing the Price Declaration and the attached Billing Statement, *see id.* at 9, the Court finds both the amount of time expended on the case and the respective hourly rates of each attorney reasonable given the nature of this case and counsels' respective levels of expertise, respectively. Accordingly, the Court awards Plaintiff $3,377.50 in attorneys' fees.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion (ECF No. 9). Accordingly, the Clerk of Court **SHALL ENTER** judgment in favor of Plaintiff and against Defendant Ocios LLC in the amount of $8,012.50. Further, Defendant Ocios LLC **SHALL PROVIDE** van-accessible parking and an accessible path of travel through the front entrance at the property located at 832 E. 18th Street, National City, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

**IT IS SO ORDERED.**

Dated: June 23, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge